[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 03-12810
Non-Argument Calendar

_____

D. C. Docket No. 00-00262-CR-3-J-20HTS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ALLEN ARNOLD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 17, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before CARNES, BARKETT  and MARCUS, Circuit Judges.

PER CURIAM:

The appeal of William Allen Arnold, pro se, is again before us, following a remand from the Supreme Court of the United States for further consideration in light of United States v. Booker, 125 S. Ct. 783 (2005). See Arnold v. United States, 125 S. Ct. 2527 (2005). We previously affirmed Arnold's conviction and twelve-month sentence for conspiring to defraud the United States, in violation of 18 U.S.C. § 371. United States v. Arnold, 125 Fed. Appx. 269 (11th Cir. 2004). After review, we conclude that because Arnold raised a Booker-type claim in his initial brief on appeal, but raised no such claim before the district court, we can review his sentence only for plain error. However, because Arnold has not demonstrated a reasonable probability of a different result under the post-Booker advisory guidelines system, we again affirm Arnold's sentence and reinstate in part our prior opinion.

## BACKGROUND

After the jury returned a guilty verdict, the Pre-Sentence Investigation Report ("PSI") calculated $217, 586.00 as the total tax loss attributable to Arnold's role in the conspiracy. Using this loss amount, the PSI recommended a base offense level of sixteen, pursuant to U.S.S.G. § 2T1.1(a)(1). The PSI also recommended a two-level enhancement for obstruction of justice, pursuant to

U.S.S.G. § 3C1.1, due to Arnold's continued refusal to comply with grand jury proceedings – conduct that ultimately resulted in a criminal contempt conviction. With an adjusted offense level of 18 and a criminal history category of I, the PSI calculated his guidelines' imprisonment range at 27 to 33 months.

Arnold filed a pro se affidavit stating his objections to the PSI. His extensive objections largely concerned allegations that the district court lacked jurisdiction, as well as his related quasi-constitutional claims regarding the Internal Revenue Service and Social Security Administration. While Arnold did repeatedly object to the tax loss amounts calculated, he did not do so based on the judge's determination of the tax loss or jury's failure to find the tax amount. Arnold's affidavit also failed to reference the Sixth Amendment or any cases in the line of Apprendi v. New Jersey, 530 U.S. 266 (2000).

At the sentencing hearing, Arnold refused to address the district court regarding his objections, repeatedly stating that he would remain silent and stand on the objections contained in his previously-submitted affidavit. He explicitly declined to be heard on the issue of tax loss calculations.

The district court ultimately overruled any objections and adopted the PSI's factual findings and guideline calculations. However, the district court then departed downward pursuant to U.S.S.G. §5G1.3, because Arnold had already

3

served 18 months for criminal contempt based on his failure to cooperate with the grand jury proceedings. The district court ultimately sentenced Arnold to twelve months' imprisonment and two years' of supervised release.

On appeal, Arnold, again proceeding pro se, raised a variety of claims concerning his conviction and sentence. In relevant part, Arnold again objected to the district court's tax loss calculation on several grounds, including a claim that his "sentence is not lawful" because it was "based upon [tax loss] 'numerics' . . . conjured *after* trial, for a charge never even alleged, much less tried." Appellant Br. at 50 (emphasis in original). Arnold argued that imposing such a sentence where the tax loss amount was neither charged nor tried, would " rocket-sled through the due process barrier at light speed." Id.

We affirmed Arnold's conviction and sentence, finding the tax loss amount used by the district court in sentencing was a reasonable estimate of the tax loss during the time of Arnold's involvement in the conspiracy. Arnold, 125 Fed. Appx. 269. Arnold then filed a petition for a writ of certiorari with the Supreme Court. The Supreme Court granted that petition, vacating our opinion and remanding the case for further consideration in light of Booker. Arnold, 125 S. Ct. 2527.

4

**STANDARD OF REVIEW**

While Arnold asserts that he raised the Booker issue both at trial and on direct appeal, the record does not support this assertion. Arnold's sentencing "affidavit" did not object to the district court's estimation of the tax loss under the preponderance standard, raise his jury trial rights under the Sixth Amendment, nor cite to any case in the Apprendi line. See United States v. Dowling, 403 F.3d 1242, 1246 (11th Cir. 2005) (holding that appellant's non-constitutional sentencing objection failed to preserve Booker error, where the objection made no reference to the Sixth Amendment, the role of judge as fact-finder, the right to jury determination of disputed facts, or the Apprendi line of cases).

However, when reviewed under the liberal standards applicable to pro se arguments, see Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000), Arnold's initial brief on appeal does appear to raise a Booker-type claim. Specifically, Arnold argued that his sentence violated constitutional due process guarantees because the tax loss amount was never tried before the jury, but instead was calculated after trial. Appellant Brief at 50. Given our obligation to liberally construe pro se filings, we hold that Arnold's appellate-brief arguments are sufficient to raise the Booker issue. Nonetheless, because Arnold did not raise any such issue below, we review his Booker claim only for plain error. United States

v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005), cert. denied, 125 S. Ct. 2935 (2005).

## DISCUSSION

Under plain error review, appellate courts have a limited power to correct errors that were not timely raised in the district court. United States v. Olano, 507 U.S. 725, 731 (1993). We may not correct such an error unless: (i) there is error; (ii) it is plain; and (iii) it affects substantial rights. Id. If these three conditions are met, we may exercise our discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

In this case, the district court committed both constitutional and statutory Booker errors when it sentenced Arnold under a mandatory guidelines system based upon facts (the tax loss amount and Arnold's obstruction of justice) that were neither admitted by Arnold nor proven to a jury beyond a reasonable doubt. Booker, 125 S. Ct. at 756. Though this error was not apparent at the time of sentencing, under Booker it is now plain. Rodriguez, 398 F.3d at 1299.

However, it does not appear that under the third prong of the plain-error test, Arnold's substantial rights have been affected. The third prong of plain error review requires Arnold to demonstrate that absent the error, there is a reasonable probability of a different result. Id. Where the effect of the error is indeterminate

or if we would be left to speculate, that burden has not been satisfied. <u>Id.</u> at 1301.

A close review of the record reveals no suggestion that the district court would have imposed a lower sentence under the post-<u>Booker</u> advisory sentencing system. As such, Arnold has failed to demonstrate that the <u>Booker</u> error affected his substantial rights. <u>See</u> <u>United States v. Cartwright</u>, 413 F.3d 1295, 1301 (11th Cir. 2005).

Accordingly, we reinstate our prior opinion with the exception of our discussion of the district court's tax calculation, for which we substitute the foregoing.

**OPINION REINSTATED IN PART; AFFIRMED.**